STEVEN G. KALAR
Federal Public Defender
GRAHAM ARCHER
Assistant Federal Public Defender
55 S. Market Street, Suite 820
San Jose, CA 95113
Telephone: (408) 291-7753
Graham_Archer@fd.org

Counsel for Defendant, DOUGLAS STORMS YORK

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-00226 EJD |
| Plaintiff, | DEFENDANT YORK'S THEORY OF DEFENSE INSTRUCTIONS |
| vs. | |
| DOUGLAS STORMS YORK, | |
| Defendant. | **Honorable Edward J. Davila** |

CR 15-00226 EJD 1

### **Defendant York's Position of the Case Instruction**

Mr. York's position is that he is not guilty of the false impersonation of a federal officer because the government has not proven the elements beyond a reasonable doubt. First, the government has not proven that he personally made the phone call.

Second, the voicemail's mere statement of an IRS agent investigating tax records is insufficient to prove the element of acting as such because that there were no steps taken to act in the context of an actual IRS agent.

The burden is upon the prosecution to prove beyond a reasonable doubt each element of the offense. Mr. York does not have to prove his innocence, nor does he bear the burden of having to prove any fact in this case. If the prosecution fails to prove each and every element of the offense beyond a reasonable doubt as set forth in Count one, you must return a not guilty verdict.

A defendant is entitled to jury instructions related to a defense theory if there is "any foundation in the evidence" and the instruction is "supported by law." *United States v, Cortes*, 757 F.3d 850, 857 (9th Cir,. 2014) (internal citation and quotations omitted).

[A] defendant is entitled to an instruction concerning his theory of the case if the theory is legally sound and evidence in the case makes it applicable, even if the evidence is weak, insufficient, inconsistent, or doubtful credibility." *United States v. Washington*, 819 F.2d 221, 225 (9th Cir. 1987), quoted in *Cortes*, 757 F.3d at 858.