1

UNITED STATES DISTRICT COURT

2                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

3

4        UNITED STATES OF AMERICA,

5                 PLAINTIFF,              CASE NO.  CR-15-226-EJD

6           VS.                           SAN JOSE, CALIFORNIA

7        DOUGLAS STROMS YORK,             AUGUST 26, 2015

8                 DEFENDANT.              VOLUME 2

9                                         PAGES 189 - 215

10

TRANSCRIPT OF TRIAL

11                 BEFORE THE HONORABLE EDWARD J. DAVILA

UNITED STATES DISTRICT JUDGE AND A JURY

12

13                        A-P-P-E-A-R-A-N-C-E-S

14

FOR THE PLAINTIFF:    OFFICE OF THE UNITED STATES ATTORNEY

15                               BY:   BRIANNA PENNA

JEFFREY SCHENK

16                               50 ALMADEN BOULEVARD, SUITE 900

SAN JOSE, CALIFORNIA 95113

17

18       FOR THE DEFENDANT:    OFFICE OF THE FEDERAL PUBLIC DEFENDER

BY:   GRAHAM ARCHER

19                               HEATHER ANGOVE

55 S. MARKET STREET, SUITE 820

20                               SAN JOSE, CALIFORNIA 95113

21

OFFICIAL COURT REPORTER:    IRENE L. RODRIGUEZ, CSR, RMR, CRR

22                               CERTIFICATE NUMBER 8074

23

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,

24       TRANSCRIPT PRODUCED WITH COMPUTER.

25

```
1    SAN JOSE, CALIFORNIA                    AUGUST 26, 2015

2                    P R O C E E D I N G S

3         (COURT CONVENED WITHOUT THE JURY AT 2:10 P.M.)

4              THE CLERK:  CALLING CASE NUMBER 15-226, UNITED

5    STATES VERSUS DOUGLAS YORK.

6              MR. SCHENK:  GOOD AFTERNOON, YOUR HONOR.  JEFF

7    SCHENK ON BEHALF OF THE UNITED STATES.

8              MS. PENNA:  AND BRIANNA PENNA ON BEHALF OF THE

9    UNITED STATES.

10             THE COURT:  THANK YOU.  GOOD AFTERNOON.

11             MR. ARCHER:  GOOD AFTERNOON.  GRAHAM ARCHER FOR

12   MR. YORK WHO IS PRESENT OUT OF CUSTODY.

13             THE COURT:  THANK YOU.  GOOD AFTERNOON.  PLEASE BE

14   SEATED.

15        AND THE RECORD SHOULD REFLECT THAT WE'RE OUTSIDE OF THE

16   PRESENCE OF THE JURY.

17        WE RECESSED OUR TRIAL YESTERDAY, AND I THOUGHT WE WOULD --

18   WE CAN SPEND TIME GOING OVER AT LEAST LOOKING AT OUR

19   PRELIMINARY INSTRUCTIONS, OR THAT'S WHAT WE WOULD DO IF WE GET

20   THAT FAR.

21        LET ME ASK, WOULD IT BE HELPFUL IF WE PROVIDED YOU COPIES

22   OF THE NINTH CIRCUIT MODEL INSTRUCTIONS TO USE TODAY OR MAYBE

23   BECAUSE YOU'RE YOUNG YOU HAVE ELECTRONIC DEVICES THAT CAN CALL

24   THESE UP IN A MOMENT.

25             MR. ARCHER:  I DIDN'T BRING A DEVICE THAT WOULD MAKE
```

```
 1        IT PARTICULARLY EASY TO LOOK AT MODEL INSTRUCTIONS.

 2              THE COURT:  MS. GARCIA, CAN YOU FIND THIS?  WE

 3   USUALLY HAVE A COPY.

 4        I'M OLD SCHOOL, AND I LIKE TO USE THE HARD COPY.  WE'LL

 5   GET THOSE FOR YOU IN JUST A SECOND.

 6        WHAT I DO HAVE IS DOCKET 37 WAS, I THINK, THE PROPOSED

 7   SUBMITTED INSTRUCTIONS, AND I MADE A CURSORY ATTEMPT AT PUTTING

 8   SOME INSTRUCTIONS TOGETHER BASED ON THOSE.

 9        DOCUMENT 37 ALSO HAD THE PRELIMINARY COPIES OF THE

10   PRELIMINARY INSTRUCTION WHICH -- SUGGESTED PRELIMINARY

11   INSTRUCTIONS WHICH I USED YESTERDAY.

12        SO WE'LL HAVE MS. GARCIA COME BACK IN JUST A MOMENT WITH

13   OUR HARD COPIES OF THE MODEL INSTRUCTIONS THAT I THINK WOULD BE

14   USEFUL AND HELPFUL FOR A GUIDE FOR US.

15        BUT WE CAN START, I THINK, WITH WHAT I THOUGHT WE WOULD DO

16   IS START WITH DOCUMENT NUMBER 37, PAGE 2, THE 3 SERIES WOULD BE

17   THE SERIES THAT I WOULD SUGGEST WE START WITH.

18        AND I DON'T THINK THERE'S ANYTHING -- WELL, WHAT I COULD

19   DO IS JUST GO THROUGH THESE AS I HAVE THEM HERE, AND I'LL

20   INVITE THE PARTIES TO SING OUT IF THERE'S ANYTHING THAT YOU

21   WOULD LIKE TO SAY ABOUT ANY OF THESE INSTRUCTIONS AS WE GO

22   THROUGH THEM.

23        OFF THE RECORD FOR A MOMENT.

24        (PAUSE IN PROCEEDINGS.)

25              THE COURT:  ON THE RECORD.  SO STARTING WITH THE 3
```

1   SERIES, WHAT I INTEND TO GIVE IS 3.1 WHICH IS THE DUTY OF JURY.

2   AND I NOTE THAT IN YOUR FILING IT HAS IT LISTED WITH AN

3   INSTRUCTION NUMBER.

4        SO 3.1 WOULD BE INSTRUCTION NUMBER 1.  THAT WOULD BE NEW

5   INSTRUCTION NUMBER 1.  SO WE WOULD START WITH 3.1, AND I'LL

6   GIVE THAT.

7        3.2 I WOULD GIVE, AND THAT WILL BE INSTRUCTION NUMBER 2,

8   ET CETERA.  SO YOU CAN FOLLOW ALONG.

9        3.3, I THINK IS, AT LEAST ON THE PLEADING OF DOCKET NUMBER

10  37 IT SUGGESTS DISPUTED.  OF COURSE, IT'S PREMATURE RIGHT NOW

11  TO MAKE A DECISION AS TO WHICH ONE OF THESE, THAT IS, 3.3 OR

12  3.4, DEPENDING ON WHETHER OR NOT MR. YORK TESTIFIES, BUT WE CAN

13  TALK ABOUT THE LANGUAGE OF THESE IF YOU WOULD LIKE NOW.

14        IS THAT APPROPRIATE TO DO NOW?

15             MR. ARCHER:  YES, YOUR HONOR.

16             THE COURT:  3.3, THEN, IS DEFENDANT'S DECISION NOT

17  TO TESTIFY.  THE MODEL 3.3 IS GIVEN INITIALLY, AND THEN I HAVE

18  THE DEFENDANT'S SUGGESTED WHICH IS ON PAGE 25 OF DOCUMENT

19  NUMBER 37, ECF, PAGE 25.

20        ANYTHING FURTHER ABOUT THIS?

21             MR. ARCHER:  NO, YOUR HONOR.

22             MR. SCHENK:  YOU SHOULD GIVE THE MODEL, YOUR HONOR.

23  THE DEFENDANT'S VERSION REPEATS WHAT APPEARS IN OTHER MODEL

24  INSTRUCTIONS.

25             THE COURT:  ALL RIGHT.  THANK YOU.  AS TO IF NEEDED,

```
1    IF NEEDED TO GIVE 3.3, I WOULD GIVE THE MODEL INSTRUCTION, AND

2    THIS WILL BE INSTRUCTION NUMBER 3.

3         NEXT WOULD BE INSTRUCTION 3.4, AND THAT'S DEFENDANT'S

4    DECISION TO TESTIFY.  AND THE MODEL INSTRUCTION IS 3.4, AND I

5    HAVE THE DEFENSE OFFERED.

6         ANY FURTHER DISCUSSION ON THIS?

7              MR. ARCHER:  WELL, IF WE ARE WEIGHING IN, I THINK

8    OURS IS BETTER SO THE COURT SHOULD GIVE THAT.

9              THE COURT:  OKAY.

10             MR. SCHENK:  SAME ARGUMENTS.

11             THE COURT:  THANK YOU.  IF NEEDED FOR THE 3.4, I

12   WILL GIVE THE MODEL INSTRUCTION.  AND THIS WOULD BE INSTRUCTION

13   NUMBER, EITHER OF THESE WOULD BE INSTRUCTION NUMBER 3, I

14   BELIEVE.

15        NEXT IS 3.5 WHICH IS REASONABLE DOUBT.  I HAVE THE MODEL,

16   AND I HAVE THE DEFENSE OFFERED.

17        ANYTHING EITHER PARTY WISHES TO STATE ON THIS?

18             MR. SCHENK:  SAME ARGUMENT.

19             MR. ARCHER:  NO, YOUR HONOR.

20             THE COURT:  ALL RIGHT.  THANK YOU.  I'LL GIVE THE

21   MODEL INSTRUCTION, NINTH CIRCUIT MODEL REASONABLE DOUBT

22   INSTRUCTION.

23        NEXT IS 3.6, AND I'LL GIVE THAT.

24        3.7 I WOULD ALSO GIVE.  ONLINE, I GUESS IT'S 9, I WOULD

25   STRIKE IN THE MIDDLE THE BRACKETED "WILL SAY IN THEIR CLOSING."
```

1    "WILL SAY IN THEIR" THAT SHOULD BE STRICKEN.

2        AND I LOOK OUT AT BOTH TABLES HERE AND ASK WHICH ONE OF

3    YOU WOULD LIKE TO PREPARE THE JURY INSTRUCTIONS?  LET ME EXTEND

4    THAT INVITATION.

5            MS. PENNA:  WE HAD PREPARED THE ORIGINAL SO WE CAN.

6            THE COURT:  MR. ARCHER IS UNDER THE TABLE TYING HIS

7    SHOELACES.

8            MS. PENNA:  I SAW THAT.

9            MR. ARCHER:  I WOULD LIKE TO THANK MS. PENNA FOR HER

10   COURTESY.

11           THE COURT:  ALL RIGHT.  THANK YOU.  ON LINE 14

12   THERE'S A BRACKETED PORTION IN REGARDS TO EVIDENCE OFFERED FOR

13   A LIMITED PURPOSE.  I DON'T KNOW IF THAT'S GOING TO COME INTO

14   PLAY OR NOT.

15       IF IT IS, WE'LL LEAVE THAT IN.  IF THERE ISN'T ANY, THAT

16   WILL BE DELETED AND REDACTED, OF COURSE.

17           MR. SCHENK:  YOUR HONOR, WOULD IT BE HELPFUL FOR US

18   TO E-MAIL A SOFT COPY ALSO OF OUR FINAL VERSION TO THE CLERK'S

19   COURT SO IF CHANGES NEED TO BE MADE AT THE LAST MINUTE?

20           THE COURT:  I WOULD APPRECIATE THAT.  I WAS GOING TO

21   REQUEST THAT.

22           MR. SCHENK:  YES.

23           THE COURT:  YOU'LL SEND IT IN WORD FORM?

24           MR. SCHENK:  YES, YOUR HONOR.

25           THE COURT:  GREAT.  GREAT.  THAT WILL BE GREAT.

1        AND WE'LL ALSO GIVE YOU -- THE PARTIES MAY HAVE A SAMPLE

2    OF THE PREVIOUS INSTRUCTIONS THAT I'VE GIVEN IN CASES THAT KIND

3    OF HAS A TEMPLATE AT LEAST OF HOW THEY SHOULD APPEAR, AND

4    MS. GARCIA CAN PROVIDE YOU WITH THAT TODAY.

5              MR. SCHENK:  YES.

6              THE COURT:  OKAY.  LET'S SEE.  3.8, DIRECT AND

7    CIRCUMSTANTIAL EVIDENCE, I'LL GIVE.  I'M NOT GOING TO GIVE THE

8    EXAMPLE OF THE GARDEN HOSE.

9        3.9 IS CREDIBILITY OF WITNESSES, I'LL GIVE THAT.

10       3.10, ACTIVITIES NOT CHARGED.  I THINK IT'S APPROPRIATE TO

11   GIVE THAT AND I WOULD.

12       LET ME ASK YOU TO LOOK AT 3.11 AND ASK YOU IF YOU FEEL

13   IT'S APPROPRIATE TO GIVE 3.11.

14             MS. PENNA:  YOUR HONOR, WE WOULD THINK THAT IS

15   APPROPRIATE.  I THINK WHEN WE FIRST FILED THIS WE ONLY HAD ONE

16   COUNT SO WE DO THINK IT'S APPROPRIATE.

17             THE COURT:  CORRECT.  SO I WILL GIVE 3.11 AS THE

18   NEXT IN ORDER.

19       AND JUST GOING THROUGH THE -- AND SING OUT.  I THINK THAT

20   COMPLETES THE 3 SERIES UNLESS ANYONE WANTS TO SUGGEST ANYTHING

21   FURTHER AS TO APPLICABLE 3 SERIES.

22       I THINK THEN WE MOVE TO THE 4 SERIES AND 4.1 IS STATEMENTS

23   BY DEFENDANT.  I'LL GIVE THAT.

24       THE NEXT ON DOCKET 37, DOCUMENT NUMBER 37 IS OPINION

25   EVIDENCE OF EXPERT WITNESSES.  IS THAT GOING TO BE REQUIRED

```
1    HERE?

2              MR. SCHENK:  NO, YOUR HONOR.

3              MS. PENNA:  NO, YOUR HONOR.

4              THE COURT:  THAT IS WITHDRAWN AND WILL NOT BE GIVEN.

5         MR. ARCHER, ARE YOU GOING TO HAVE ANY EXPERT TESTIMONY OR

6    OTHERWISE NEED 4.14?

7              MR. ARCHER:  I DON'T BELIEVE SO.

8              THE COURT:  OKAY.  THAT WILL BE WITHDRAWN.

9         THE ONLY OTHER 4 SERIES THAT I WOULD RAISE TO YOUR

10   ATTENTION IS 4.3.  I DON'T THINK THAT APPLIES IN THIS CASE.

11   THAT'S A 404(B) INSTRUCTION.  I DON'T THINK THAT APPLIES.

12        AND THEN 4.4, OF COURSE, IS CHARACTER OF THE DEFENDANT.  I

13   DON'T THINK THERE'S -- I HAVEN'T HEARD THAT THERE WILL BE ANY

14   CHARACTER TESTIMONY REGARDING MR. YORK.  SO I WON'T GIVE THOSE.

15        4.6, I DON'T KNOW IF THAT'S GOING TO COME UP AND BE AN

16   ISSUE.

17             MR. ARCHER:  4.6 AS TO IMPEACHMENT BY PRIOR

18   CONVICTION?

19             THE COURT:  CORRECT.

20             MR. ARCHER:  I THINK THAT THE COURT'S IN LIMINE

21   MOTIONS AND RULINGS HAVE PRECLUDED THAT.

22        IS THAT THE GOVERNMENT'S UNDERSTANDING?

23             MR. SCHENK:  UNLESS THE DEFENDANT TESTIFIES.

24             THE COURT:  THAT'S WHY I SUGGEST THAT.  IF THE

25   DEFENDANT TESTIFIES.  I DON'T KNOW IF THIS WOULD BE AN ISSUE OR
```

1          NOT.

2                    MR. ARCHER:  UNDERSTOOD.

3                    THE COURT:  OKAY.  SO WE'LL WAIT AND SEE.

4                    MR. SCHENK:  YES.

5                    THE COURT:  4.8 IS THE GENERAL IMPEACHMENT EVIDENCE.

6          I DON'T KNOW IF THERE'S ANY NEED OF THAT FOR ANY WITNESSES IN

7          THE CASE.

8                    MR. ARCHER:  I DON'T KNOW SITTING HERE TODAY, YOUR

9          HONOR.

10                    THE COURT:  OKAY.  LOOKING AT 4.15 AND 4.16, ARE

11          THOSE GOING TO BE NEEDED?

12                    MR. SCHENK:  NOT FROM THE GOVERNMENT'S PERSPECTIVE.

13                    THE COURT:  OKAY.

14                    MR. ARCHER:  NO, YOUR HONOR.

15                    THE COURT:  OKAY.  AND I THINK DOCUMENT NUMBER 37

16          THEN NEXT TAKES US TO 8.5.

17                    MR. ARCHER:  YOUR HONOR, WE'RE A LITTLE -- ON THE

18          DEFENSE SIDE WE'RE A LITTLE BIT IN FLUX ON THAT RIGHT NOW AND

19          WHEN I SAY THAT, IT'S, FRANKLY, BEEN HARD TO GET A HANDLE ON

20          THE STATUTE AND IN PARTICULAR THE FIRST OFFENSE CHARGED 912.

21              SO WE HAVE BEEN IN THE PROCESS OF DRAFTING, AND I THINK WE

22          WOULD BE PREPARED TO SUBMIT SHORTLY AFTER TODAY'S HEARING SOME

23          HOPEFULLY WHAT WE VIEW AS CLARIFYING INSTRUCTIONS.  THE ACTING

24          AS SUCH IS SOMETHING THAT HAS GIVEN OUR OFFICE TROUBLE IN TERMS

25          OF TRYING TO DETERMINE IT.

1      AND SO WE HAD NOT YET SUBMITTED BUT WOULD LIKE THE

2   OPPORTUNITY TO SUBMIT SOME INSTRUCTIONS THAT WOULD HOPEFULLY

3   CLARIFY THAT.

4      AND I ACKNOWLEDGE BY DOING SO I'M ASKING THE COURT TO

5   RECONVENE EITHER TOMORROW OR SOME TIME PRIOR TO GIVING THE

6   CHARGE, BUT THAT IS MY REQUEST.

7           THE COURT:  OKAY.  I DO HAVE DOCUMENT 37, PAGE 38 IT

8   DOES HAVE, I THINK, DEFENSE, I THINK THIS IS A DEFENSE REQUEST.

9   THE ONLY DIFFERENCE IS THE THIRD ELEMENT THE INTENT TO DEFRAUD.

10           MR. ARCHER:  MS. ANGOVE JUST INFORMED ME THAT WE DID

11   E-FILE WHAT I JUST MENTIONED WHILE I WAS ON MY WAY OVER HERE.

12   SO OBVIOUSLY THE GOVERNMENT DOESN'T HAVE ANY OPPORTUNITY TO

13   RESPOND TO THAT HAVING JUST BEEN E-FILED.

14           THE COURT:  CAN YOU PULL THAT UP, MS. GARCIA?

15      (DISCUSSION OFF THE RECORD.)

16           THE COURT:  IS IT 67?

17           MS. ANGOVE:  WE FILED THREE THINGS TODAY, YOUR

18   HONOR.  TWO WERE FILED BEFORE NOON, AND WE HAVE COPIES OF THOSE

19   WITH AN E-FILED STAMP AND THE ONE THAT WAS JUST FILED WE HAVE

20   COPIES EXACTLY REPRESENTING THE EXACT SAME THING, THERE JUST

21   ISN'T AN E-FILED COPY.

22      BUT I DID ASK OUR LEGAL ASSISTANT TO E-MAIL IT TO YOUR

23   COURTROOM DEPUTY.

24           THE COURT:  OKAY.

25           MR. SCHENK:  I JUST CHECKED THE DOCKET, AND IT IS

199

```
 1     DOCKET 67.
 2              THE COURT:  OKAY.  OKAY.  I HAVE THAT AND SO WHY
 3     DON'T WE TAKE A MOMENT TO LOOK AT THIS.
 4         AND THIS IS THE DEFENSE OFFER AS TO COUNT 1, I BELIEVE?
 5              MR. ARCHER:  YES, YOUR HONOR.
 6         (PAUSE IN PROCEEDINGS.)
 7              THE COURT:  OKAY.  WELL, I'VE REVIEWED THIS.  AND I
 8     WONDER, MR. ARCHER, YOUR SUGGESTION TO ALLOW THE GOVERNMENT TO
 9     LOOK AT THIS AND THE COURT ALSO TO REVIEW THESE CASES MIGHT BE
10     APPROPRIATE, AND WE CAN TAKE THIS UP TOMORROW AS WELL.
11         I'D LIKE TO READ THE CASES THAT ARE CITED IN THE
12     PLEADINGS.
13              MR. ARCHER:  UNDERSTOOD, YOUR HONOR.  AND THIS IS --
14     IT'S A BIT OF A BIZARRE ISSUE BECAUSE CONGRESS, IN RESPONSE TO
15     ONE OF THE CASES CITED HERE, STRUCK THE LANGUAGE ABOUT
16     FRAUDULENT AND COMMITTING A FRAUD UNDER THE AUSPICES OF THE
17     GOVERNMENT AUTHORITY.
18         BUT THEN IT STRUCK IT AS SUPERFLUOUS GIVEN WHAT THE
19     SUPREME COURT INTERPRETED AS SOME FRAUDULENT INTENT THAT IT
20     FELT WAS ALREADY IN THE STATUTE.
21         AND SO WHAT, FRANKLY, WHAT WE'VE BEEN STRUGGLING WITH IS
22     HOW TO BEST STRESS TO THE JURY THAT IT DOES REQUIRE, FROM OUR
23     PERSPECTIVE, FRAUDULENT INTENT AND THE CIRCUIT SPLIT THAT IS
24     REFERENCED IN OUR ORIGINAL DRAFT JURY INSTRUCTION IS ONE WHERE
25     SEVERAL OF THE CIRCUITS HAVE SAID THAT IT ABSOLUTELY REQUIRES A
```

1    SEPARATE FRAUDULENT ELEMENT.

2         THE NINTH CIRCUIT HAS GONE VERY CLEARLY IN THE OTHER

3    DIRECTION.  AND IN TERMS OF THAT BEING A LATER ELEMENT, BUT I

4    DON'T THINK THAT FROM OUR PERSPECTIVE IT STILL REQUIRES THAT

5    THERE BE SOME FRAUD AND BECAUSE THE SUPREME COURT CASE

6    ORIGINALLY HANDLING IT ADDRESSED THE INHERENT FRAUD IN THE

7    IMPERSONATION AND THE ACTING UNDER THAT AUTHORITY.

8         SO WE DO THINK THAT THERE IS A WAY TO CONVEY WHAT THE

9    SUPREME COURT HELD THE OFFENSE TO MEAN WITHOUT RUNNING AFOUL OF

10   NINTH CIRCUIT AUTHORITY AS TO AN ADDITIONAL ELEMENT OF AN

11   ADDITIONAL FRAUD.

12            THE COURT:  OKAY.

13            MR. SCHENK:  YOUR HONOR, WE CAN ADDRESS THIS MORE

14   WHEN THE COURT HAS AN OPPORTUNITY AND THE GOVERNMENT HAS AN

15   OPPORTUNITY TO READ THE CASES THAT ARE CITED.

16        WE WILL NOTE NOW, THOUGH, THERE IS A NINTH CIRCUIT MODEL

17   INSTRUCTION FOR THIS CRIME AND THERE'S NO CASE THAT SAYS GIVING

18   THE MODEL IS WRONG.

19        IN FACT, THE CASES CITED, JUST LOOKING AT THE DATES, THE

20   CASES CITED BY THE EVENTS PREDATE THE MODEL JURY INSTRUCTION SO

21   WE WOULD EXPECT A CHANGE IN THE MODEL IN LIGHT OF THESE CASES

22   IF THE NINTH CIRCUIT CONCLUDED THAT THE MODEL WAS APPROPRIATE.

23            THE COURT:  ALL RIGHT.  WELL, LET'S, LET'S -- WE'LL

24   DEFER THIS AND ALLOW THE PARTIES A LITTLE MORE TIME TO LOOK AT

25   THIS AND WE CAN TALK ABOUT THIS PROBABLY TOMORROW SINCE WE HAVE

1        SOME TIME OFF FROM THE TRIAL.

2            AND THEN COUNT 2 WHICH, OF COURSE, DOESN'T APPEAR IN

3        DOCUMENT NUMBER 37.  AND I THINK I HAVE A COPY OF THE

4        GOVERNMENT'S DOCUMENT NUMBER 56, I THINK, THE GOVERNMENT FILED

5        OF PROPOSED INSTRUCTION IN REGARDS TO THIS COUNT.

6                MR. SCHENK:  YES, YOUR HONOR.  IT WAS 56.

7                MR. ARCHER:  AND THE CURRENT DEFENSE PROPOSAL, YOUR

8        HONOR, IS AT DOCKET 65.

9                THE COURT:  CORRECT.  ANYTHING FURTHER AS TO COUNT

10       2?

11               MS. PENNA:  YES, YOUR HONOR.  THIS ONE -- THIS

12       PARTICULAR STATUTE DID NOT HAVE MODEL INSTRUCTIONS AND SO IN

13       LOOKING AT OUR TWO PROPOSED INSTRUCTIONS WE WOULD ASK THAT YOU

14       LOOK DIRECTLY TO THE STATUTE, AND I HAVE A COPY RIGHT HERE IF

15       YOU WOULD LIKE TO.

16               THE COURT:  I DO, TOO.

17               MS. PENNA:  OKAY.  AS YOU CAN SEE FROM OUR PROPOSED

18       INSTRUCTIONS WE DIRECTLY TRACK THE LANGUAGE OF THE STATUTE

19       ITSELF AND THE DEFENSE PROPOSED INSTRUCTION CHANGES THE

20       ELEMENTS, ADDS WORDS, OMITS WORDS, AND WE DON'T SEE THE REASON

21       TO FOLLOW THAT.

22               THE COURT:  MR. ARCHER.

23               MR. ARCHER:  YOUR HONOR, THE DEFENSE INSTRUCTION IS

24       CRAFTED TO THIS PARTICULAR CASE.  IT ADDS MR. YORK'S NAME, FOR

25       INSTANCE.  THE CONJUNCTIVE WAS BASED ON THE INDICTMENT IN TERMS

1      OF THE FOURTH ELEMENT.  THAT'S HOW THE CASE WAS CHARGED.

2          BUT THE DEFENSE INSTRUCTION INCLUDES ALL OF THE ELEMENTS

3      OF THE OFFENSE.

4              THE COURT:  ALL RIGHT.  THANK YOU.

5          ONE THING THAT IS MISSING IN BOTH OF THESE SUBMISSIONS,

6      WHEN I LOOK AT THE STATUTE C, THEY DON'T CONTAIN THAT PORTION

7      OF C WHETHER OR NOT CONVERSATION, COMMUNICATION ENSUES.

8          IS THAT IMPORTANT?

9              MS. PENNA:  OUR VIEW WAS BECAUSE THE LANGUAGE SAYS

10     WHETHER OR NOT THE FOLLOWING, THAT THAT SEEMED TO SUGGEST THAT

11     WE'LL BE GIVING THE JURY INFORMATION THAT IS SUPERFLUOUS, THAT

12     IT DOESN'T ACTUALLY NEED TO, THEREFORE, CONCLUDE AND DECIDE AND

13     THAT WAS REALLY OUR LOGIC BEHIND NOT INCLUDING THAT.

14             THE COURT:  IT SEEMS TO BE THAT.  I DON'T KNOW WHY

15     THEY PUT IT IN THE STATUTE IF -- IT'S KIND OF SUPERFLUOUS.

16             MR. SCHENK:  AND WHETHER OR NOT IT HAPPENED ON A

17     TUESDAY.  I DON'T THINK WE WOULD PUT TUESDAY AS AN ELEMENT

18     BECAUSE IT SAYS WHETHER OR NOT IT HAPPENED ON A TUESDAY.

19     AGAIN, THAT'S WHAT WE ASSUMED.

20             THE COURT:  I JUST WANTED TO GIVE YOU AN OPPORTUNITY

21     TO COMMENT ON THIS.

22         MR. ARCHER, DO YOU HAVE ANY COMMENT ON THAT LANGUAGE?

23             MR. ARCHER:  YOUR HONOR, IF I MAY HAVE A MOMENT?

24             THE COURT:  SURE.  OF COURSE.

25         (PAUSE IN PROCEEDINGS.)

1           MR. ARCHER:  YOUR HONOR, WE DON'T HAVE A POSITION AS

2    TO WHETHER OR NOT CONVERSATION OR COMMUNICATION ENSUES, BUT

3    MS. ANGOVE HAS REMINDED ME THAT THE GOVERNMENT DID ADD AT THE

4    CALLED NUMBER OR RECEIVED THE COMMUNICATIONS, WHICH I BELIEVE

5    IS THE LAST CLAUSE OF 4 WHICH IS SOMETHING IN ADDITION TO THE

6    LANGUAGE OF THE STATUTE.

7           THE COURT:  YES, I SEE THAT AS WELL.

8        SO, MS. PENNA, DO YOU WANT TO BE HEARD AS TO THOSE LAST

9    WORDS?

10          MS. PENNA:  YOUR HONOR, WE HAVE NO OBJECTION TO

11   CHANGING IT TO MIRROR THE WORDS OF THE STATUTE ON THAT SPECIFIC

12   LINE.

13          THE COURT:  ALL RIGHT.  I'M GOING TO ASK MS. GARCIA

14   TO HAND DOWN COPIES OF -- THE COURT RETYPED THAT FIRST LINE

15   FROM THE GOVERNMENT.  AND LET ME INDICATE THAT I'M INCLINED TO

16   GIVE THE INSTRUCTION I JUST HANDED DOWN TO COUNSEL OVER THE

17   DEFENSE INSTRUCTION.

18       THIS IS JUST A MODIFICATION OF YOUR PREVIOUS SUBMISSION,

19   DOCUMENT 56, BUT I'D STRIKE THAT LAST SENTENCE AT THE WORD

20   "PERSON."

21          MS. PENNA:  AND, YOUR HONOR, I APOLOGIZE.  I FAILED

22   TO UPDATE THE TITLE OF RIGHT UNDER THE DISPUTED INSTRUCTION TO

23   REFLECT THE NEW --

24          THE COURT:  RIGHT.  AND THIS IS -- AND YOU CAN

25   REFORMAT THAT.  WHAT I GAVE YOU WAS A WORD DOCUMENT CREATED

1      FROM THE PDF SO THE FORMATTING IS OFF.

2           SO I'LL GIVE THAT IN REGARDS TO COUNT 2, MR. ARCHER.

3                MR. ARCHER:  I THINK THE DEFENSE WOULD LIKE TO

4      MAINTAIN AN OBJECTION TO THAT.

5                THE COURT:  OF COURSE, RIGHT, RECOGNIZING YOUR

6      OBJECTION.

7                MR. ARCHER:  THANK YOU, YOUR HONOR.

8                THE COURT:  LET'S JUST -- THAT TAKES US, ACCORDING

9      TO DOCUMENT NUMBER 37, TO THE 7 SERIES WHICH ARE THE CLOSING

10     INSTRUCTIONS, AND I WOULD GIVE 7.1, DUTY TO DELIBERATE; 7.2,

11     CONSIDERATION OF EVIDENCE; 7.3, USE OF NOTES; 7.4,

12     CONSIDERATION OF PUNISHMENT; 7.5, I WILL REDACT THE BRACKETED

13     PORTIONS.

14          AND ON LINE 6 WE CAN LEAVE IN THE WORD "CLERK" AND

15     MS. GARCIA WILL INFORM THE JURY IF WE HAVE A MARSHAL UP HERE OR

16     SHE WILL INFORM THEM THAT THEY CAN NOTIFY THE MARSHAL AND

17     NOTIFY THE CLERK.

18          7.6 IS COMMUNICATION WITH THE COURT.  AND, AGAIN, THE

19     BRACKETED PORTIONS -- WE CAN LEAVE -- IN THIS SENSE WE CAN

20     LEAVE IN THE CLERK, BAILIFF.

21          NOW, THERE'S SOME SUGGESTED -- OH, EXCUSE ME.  LET ME GO

22     BACK TO 2.7, WHICH IS A TRANSCRIPT OF A RECORDING.

23          WE DIDN'T GIVE A COPY OF THE TRANSCRIPT TO THE JURY

24     ALTHOUGH THERE IS A TRANSCRIPT OF SORT PREPARED BY

25     MR. HESSENFLOW, I THINK HIS NAME IS.

1           MS. PENNA:  YES, YOUR HONOR.

2           THE COURT:  YES.  HE INDICATED IN HIS E-MAIL THAT

3     THERE WAS A TRANSCRIPT.  I DON'T THINK I NEED TO GIVE 2.7 FOR

4     THIS.  THAT IS NOT A CONTEMPORANEOUS TRANSCRIPT.  IT'S HIS

5     OPINION OF WHAT WAS SAID.

6           MR. ARCHER:  THE DEFENSE WOULD REQUEST THAT THIS BE

7     GIVEN BECAUSE HE PROVIDED -- THE COURT ADMITTED INTO EVIDENCE

8     WHAT FUNCTION IS THE TRANSCRIPT.

9           THE COURT:  THE E-MAIL.

10          MR. ARCHER:  THE E-MAIL, CORRECT.  AND SO I THINK

11    THE DEFENSE -- I THINK IT WOULD BE APPROPRIATE TO ALLOW THE

12    JURY TO DRAW THEIR OWN CONCLUSIONS AS TO THE CONTENT OF THE

13    RECORDING, AND I THINK THIS IS AN APPROPRIATE INSTRUCTION IN

14    THAT CASE.

15          THE COURT:  WELL, THE LAST LINE SAYS BECAUSE THE

16    TRANSCRIPTS WILL NOT BE AVAILABLE TO YOU DURING YOUR

17    DELIBERATIONS, AND, OF COURSE, THEY WILL HAVE, AND I THINK IT'S

18    EXHIBIT 4, WHATEVER IT WAS, BEFORE THEM.

19        THIS IS, I THINK WE ALL KNOW, THIS IS DESIGNED TO GO

20    CONTEMPORANEOUS WITH A PREPARED TRANSCRIPT OF A RECORDING.

21        SO IF I WERE TO GIVE THIS, I THINK I WOULD HAVE TO MODIFY

22    IT, PARTICULARLY THE FIRST LINE WHERE TRANSCRIPTS OF THOSE

23    RECORDINGS WERE PROVIDED.  I THINK WE WOULD NEED TO SPECIFY

24    THAT MR. HESSENFLOW'S NOTES OF THAT RECORDING.

25          MR. ARCHER:  I'D BE HAPPY TO SUBMIT A PROPOSED

INSTRUCTION --

THE COURT:  OKAY.

MR. ARCHER:  -- REFLECTING THAT.

THE COURT:  OKAY.  I THINK IT SHOULD REFLECT THAT THE WITNESSES -- IT'S NOT AN OFFICIAL TRANSCRIPT.  IT'S NOTES OF THE WITNESS WHO TRANSCRIBED WHAT HE HEARD, BUT WE CAN WAIT UNTIL TOMORROW AND SEE WHAT YOU SUBMIT AND SEE WHETHER OR NOT WE WILL PROVIDE IT.

MR. SCHENK:  YOUR HONOR, I DON'T THINK THIS INSTRUCTION NEEDS TO BE GIVEN FOR THE BOTTOM PARAGRAPH OF THE E-MAIL THAT WE'RE DISCUSSING BUT WHETHER WE SHOULD READ IT BECAUSE THERE WAS THE SIMULTANEOUS TRANSCRIPT THAT PLAYED WITH THE CALL THE GOVERNMENT WOULDN'T HAVE ANY OBJECTION TO AND BY READING THEM THIS INSTRUCTION, THE JURY HEARS THE POINT THAT THE TAPE IS THE EVIDENCE WHICH WOULD BE THE CONCERN OF THE TRANSCRIPT EVEN IN THE E-MAIL, THAT IS, THE PIECE OF EVIDENCE IS THE AUDIO REGARDING, NOT THE SYNCED TRANSCRIPT THAT SCROLLED ALONG WITH OR SIMULTANEOUS TO THE PLAYING.

THE COURT:  WELL, IT WOULD HAVE HELPED IF THE COURT HAD READ THIS BEFORE WE PLAYED THE TAPE.  THAT WAS THE APPROPRIATE TIME TO DEAL WITH 2.7 AND SOMEHOW THE COURT OMITTED THAT READING AT THE TIME IT WAS PLAYED.

MR. SCHENK:  THE COURT WILL HAVE ANOTHER OPPORTUNITY.  ON FRIDAY ANOTHER VERSION IS COMING IN THROUGH OUR SECOND WITNESS ON FRIDAY, AND WE COULD REMEMBER TO REMIND

```
 1        THE COURT TO READ THIS AT THAT TIME.

 2            IT SEEMS TO BE --

 3                THE COURT:  LET'S DEFER THIS BECAUSE I THINK THAT

 4        MIGHT BE THE APPROPRIATE WAY TO HANDLE THIS.  IT'S NOT A REAL

 5        TRANSCRIPT PER SE, BUT -- SO I'LL READ THIS.  IF IT'S GOING TO

 6        BE PLAYED AGAIN IS WHAT I UNDERSTAND THE TAPE OF WHATEVER IT

 7        IS.

 8                MR. SCHENK:  YES.

 9                THE COURT:  THEN I'LL READ 2.7 AT THAT TIME AND THEN

10        I KNOW GOOD COUNSEL WILL REMIND ALL OF US ABOUT THAT.

11            LET'S LOOK AT, AGAIN, WE'RE TURNING TO DOCKET 37, LINE 26,

12        STIPULATED TESTIMONY, 2.3; 2.5, JUDICIAL NOTICE; 2.10, OTHER

13        ACTS.

14            ANYBODY WISH TO COMMENT ON THOSE?  I DON'T KNOW IF THERE'S

15        GOING TO BE ANY STIPULATED TESTIMONY.

16            IS THERE JUDICIAL NOTICE TO BE TAKEN OF ANY FACTOR?

17                MR. SCHENK:  NO.

18                MR. ARCHER:  I DON'T BELIEVE SO, YOUR HONOR.

19                THE COURT:  AND THEN 2.10.  I DON'T THINK 2.10 IS

20        APPROPRIATE IN THIS CASE EITHER.

21                MR. SCHENK:  NO, YOUR HONOR.

22                THE COURT:  MR. ARCHER.

23                MR. ARCHER:  NO, YOUR HONOR.

24                THE COURT:  AND PAGE 4 OF DOCUMENT 37, 2.11,

25        EVIDENCE FOR A LIMITED PURPOSE.  I DON'T RECALL IF ANYTHING
```

1    CAME IN.  I DON'T KNOW IF ANYTHING WILL COME IN.  WE CAN

2    RESERVE ON THIS.

3         I THINK WE GAVE SEPARATE CONSIDERATION OF MULTIPLE COUNTS,

4    3.11, AND I THINK WE WENT THROUGH THE 4 SERIES ALREADY, UNLESS

5    THERE IS SOMETHING ELSE THAT SINGS OUT TO YOU.

6         4.13 IS ON THIS DOCUMENT MISSING WITNESS.  IS THAT

7    NECESSARY?

8              MR. SCHENK:  NO, YOUR HONOR.

9              MR. ARCHER:  NO, YOUR HONOR.

10             THE COURT:  OKAY.  I THINK THAT EXHAUSTS ALL OF THE

11   INSTRUCTIONS THAT YOU'VE PRESENTED SAVE FOR THE ONES WE'RE

12   GOING TO LOOK AT.

13        ANYTHING FURTHER ON THE INSTRUCTIONS?

14             MS. PENNA:  NOTHING FURTHER.

15             MR. ARCHER:  NO, YOUR HONOR.

16             THE COURT:  OKAY.  SHOULD WE MOVE TO -- WE HAVE SOME

17   TIME.  SHOULD WE TALK ABOUT VERDICT FORMS?

18             MR. SCHENK:  NO, YOUR HONOR.

19             MR. ARCHER:  THAT WOULD BE FINE, YOUR HONOR.  IT MAY

20   BE A LITTLE BIT PREMATURE GIVEN THE DEFENSE'S RECENT

21   SUBMISSIONS OF OTHER ELEMENTS.

22             THE COURT:  WELL, WE CAN LOOK AT THE -- LET'S SEE.

23   I HAVE THE DEFENSE SUBMISSION 66, AND I THINK THE GOVERNMENT'S

24   IS DOCUMENT 38.

25        ARE THESE THE MOST CURRENT SUBMISSIONS BY THE PARTIES,

209

1      DOCUMENT NUMBER 66 AND DOCUMENT 38?

2              MR. SCHENK:  YES, FOR THE GOVERNMENT.

3              MR. ARCHER:  YES, FOR THE DEFENSE.

4              THE COURT:  ALL RIGHT.  GOVERNMENT, I HAVE YOUR

5      VERDICT FORM?  ANYTHING YOU WANT TO SAY ABOUT IT?

6              MR. SCHENK:  YES, YOUR HONOR.  FIRST, IF I COULD

7      TURN THE COURT'S ATTENTION TO THE GOVERNMENT'S SUBMISSION, IT'S

8      DOCKET 38 AT LINES 7 AND A HALF TO LINE 10 YOU'LL SEE PHRASES

9      THAT MIRROR EACH OTHER "HARASSING PHONE CALLS" WHICH COME FROM

10     THE STATUTE, BUT THE WAY THAT WE HAVE BEEN REFERRING TO IT

11     EARLIER IN THE TRIAL AND IN THESE INSTRUCTIONS IS INTERSTATE

12     TELECOMMUNICATIONS HARASSMENT.

13         SO WE WOULD PROPOSE THAT THE COURT GIVE THAT GOVERNMENT'S

14     VERSION BUT WITH THAT MODIFICATION AT THOSE TWO PLACES SO THAT

15     IT TRACKS THE WAY THAT WE'VE BEEN REFERRING TO THE DEFENSE.

16             THE COURT:  AND STRIKE THE WORD "OBSCENE"?

17             MR. SCHENK:  NO, YOUR HONOR.  AND IF I COULD RESPOND

18     TO THE DEFENSE'S PROPOSED?

19             THE COURT:  YES.

20             MR. SCHENK:  THE COURT SHOULD NOT GIVE THE DEFENSE

21     VERSION, AND IT SHOULD NOT FOR TWO REASONS:  THE FIRST IS THE

22     DEFENSE'S VERSION LAYS OUT EACH ELEMENT AND ASKS THE JURY TO

23     WRITE OR CHECK WHETHER THAT INDIVIDUAL ELEMENT HAS BEEN FOUND

24     BEYOND A REASONABLE DOUBT.

25         THAT'S NOT JUST NOT NECESSARY BUT WRONG, AND IT'S WRONG

1        FOR A COUPLE OF REASONS.

2              FIRST, WE GIVE THEM THE INSTRUCTIONS.  WE GIVE THEM THE

3        ELEMENTS IN THE JURY INSTRUCTIONS.

4              SO -- AND THERE IS SUPREME COURT CASE LAW.  IT'S WEEKS,

5        WHICH IS W-E-E-K-S, V. ANGELONE, A-N-G-E-L-O-N-E, 528 U.S. 225

6        AND THE PIN CITE I BELIEVE IS 234 WHERE JURIES ARE PRESUMED TO

7        FOLLOW INSTRUCTIONS THAT ARE GIVEN TO IT.

8              THIS SUPREME COURT CASE CITES A 1987 SUPREME COURT CASE

9        FOR THE SAME PROPOSITION.  THE LAW IN THAT AREA IS CLEAR.  SO

10       TO GIVE THEM THE INSTRUCTIONS AGAIN IN THE VERDICT FORM

11       PRESUMES THAT THEY'RE NOT FOLLOWING THE INSTRUCTIONS THE COURT

12       GAVE THEM IN THE JURY INSTRUCTIONS WHERE THE ELEMENTS ARE LAID

13       OUT.  SO THAT'S ONE REASON WHY YOU SHOULDN'T GIVE THIS

14       INSTRUCTION.

15             THE SECOND REASON IS THAT IF WE FOLLOW THE CHOOSE YOUR OWN

16       ADVENTURE BOOK THAT THIS DEFENSE VERDICT FORM IS, AND THAT IS,

17       IF YOU ANSWER YES TO THE FIRST QUESTION THEN YOU GET TO MOVE

18       ONTO THE SECOND QUESTION AND ALL OF THE WAY DOWN, WHEN THEY

19       FINALLY GET TO THE PLACE WHERE THE JURY IS TO DECIDE GUILTY OR

20       NOT GUILTY, PRESUMABLY THE ONLY WAY THE JURY GETS IT THERE IS

21       BECAUSE THEY CHECKED "YES" NUMEROUS TIMES.

22             AND IF YOU READ THE REASONABLE DOUBT INSTRUCTION, IF THEY

23       ACTUALLY CHECK "YES," THE JURY ACTUALLY HAS THE DUTY TO FIND

24       HIM GUILTY.  SO IF THE COURT GAVE THIS, IT SHOULD ACTUALLY

25       ELIMINATE THE NOT GUILTY OPTION FROM THE ULTIMATE DETERMINATION

1    BY THE JURY.

2         IF THE JURY ACTUALLY REACHES PAGE 5 OF THE DEFENSE'S

3    VERSION OF THE VERDICT FORM, AND THE ONLY WAY THEY CAN DO IT

4    BECAUSE THE INSTRUCTIONS TELL THEM PROCEED TO NUMBER 2 ONLY IF

5    "YES," SO IF THE JURY IN THEIR DELIBERATIONS REACHES PAGE 5 BY

6    CHECKING "YES," THE ONLY OPTION THAT THEY HAVE LEFT, THEIR

7    DUTY, IS TO FIND HIM GUILTY BECAUSE THEY WOULD HAVE STOPPED

8    EARLIER ON AND NEVER MADE IT TO THAT PAGE.

9         SO IT'S INTERNALLY INCONSISTENT.  IT IS IN VIOLATION OF

10   THE INSTRUCTIONS, AND THE SUPREME COURT PRECEDENT SAYS THAT YOU

11   DON'T NEED TO GIVE THIS KIND OF VERDICT FORM TO THE JURY.

12   THEY'RE PRESUMED TO FOLLOW THE INSTRUCTIONS THAT THE COURT

13   READS TO THEM ON WHAT THE ELEMENTS ARE.

14            THE COURT:  MR. ARCHER?

15            MR. ARCHER:  YES, YOUR HONOR.  THE GOVERNMENT

16   PRESUMES THAT THE JURY IS NOT GOING TO READ THE VERDICT FORM IN

17   ITS ENTIRETY.  THE JURY WILL HAVE THE VERDICT FORM AND WILL

18   CERTAINLY READ THE WHOLE VERDICT FORM.

19        THIS INSTRUCTS THE JURY.  I CERTAINLY DON'T SEE WHAT THE

20   PREJUDICE IS IN REMINDING THE JURY THAT THEY NEED TO FIND EACH

21   OF THESE INDIVIDUAL ELEMENTS IN ORDER TO FIND MR. YORK GUILTY

22   OF EITHER OF THESE TWO PARTICULAR CRIMES.  I DON'T THINK

23   THERE'S ANYTHING IN HERE THAT IS MISSTATING THE HARM.  I DON'T

24   THINK THERE'S ANY HARM OR PREJUDICE TO THE GOVERNMENT BY MAKING

25   SURE THAT AS THE JURY CONSIDERS THE VERDICT THAT THEY MAKE SURE

1      THAT THE GOVERNMENT HAS MET EACH OF THESE ELEMENTS.

2          SO I DON'T SEE -- I UNDERSTAND THAT THE JURIES ARE

3      PRESUMED TO HAVE LISTENED TO THE JURY INSTRUCTIONS, BUT THERE'S

4      CERTAINLY NO PREJUDICE TO MAKING SURE THAT THE JURY HAS REACHED

5      A DECISION ON EACH OF THOSE ELEMENTS BEFORE THEY FIND MR. YORK

6      GUILTY.

7          SO --

8              THE COURT:  OKAY.

9              MR. ARCHER:  I WOULD NOTE ONE THING ON THE

10     GOVERNMENT'S PROPOSED INSTRUCTION, LINE 7.5, I BELIEVE IT'S 47

11     INSTEAD OF 14.

12             THE COURT:  U.S.C.?  THERE'S A TYPO THERE.

13             MR. ARCHER:  YES.

14             THE COURT:  ALL RIGHT.  THANK YOU.

15     I'M GOING TO USE THE GOVERNMENT'S VERDICT FORM.  I THINK

16     IT IS THE APPROPRIATE VERDICT FORM TO USE IN REGARDS TO

17     AFFIRMING AND MAKING SURE THAT THE JURY HAS REACHED A VERDICT

18     IN EVERY CASE, I POLL THE JURY, AND WE WILL BE POLLING THE JURY

19     IN THIS CASE TO CONFIRM THEIR VERDICT.  SHOULD THERE BE A

20     GUILTY VERDICT IN THE CASE, WE'LL DEFINITELY POLL THE JURY IN

21     THIS CASE.

22         I DON'T KNOW WHAT THEY'RE GOING TO DO, BUT I DON'T THINK

23     THAT IT'S NECESSARY TO HAVE THE JURY GO THROUGH THE FORM, THE

24     VERDICT FORM AS IT APPEARS IN THE DEFENSE SUBMISSION.  THEY

25     WILL HAVE THE INSTRUCTIONS AND THE ELEMENTS OF THE OFFENSES,

1      AND THEY WILL HAVE SEPARATE INSTRUCTIONS AS TO THOSE, AND

2      THEY'LL BE TOLD AT LEAST TWO TIMES, IF NOT MORE, IN THE

3      INSTRUCTIONS THAT THEY CANNOT CONVICT UNLESS THE GOVERNMENT

4      MEETS THEIR BURDEN BY PROOF BEYOND A REASONABLE DOUBT AS TO

5      THOSE ELEMENTS.

6           SO I'M GOING TO GIVE, WITH THE MODIFICATIONS, THE

7      GOVERNMENT'S VERDICT FORM, RECOGNIZING THE OBJECTIONS AND

8      PRESERVING THE DEFENSE OBJECTIONS FOR THE RECORD.

9           (DISCUSSION OFF THE RECORD.)

10              THE COURT:  ALL RIGHT.  ANYTHING FURTHER WE CAN DO

11      TODAY?

12              MR. SCHENK:  YOUR HONOR, THIS IS JUST ONE OTHER

13      ISSUE.  OUR PARALEGAL, MS. HOLLIMAN, HAS A DOCTOR'S APPOINTMENT

14      ON FRIDAY, AND I THINK SHE HAS TO LEAVE AROUND 10:00 OR 10:30,

15      SOMETHING LIKE THAT.  SO ANOTHER PARALEGAL FROM THE U.S.

16      ATTORNEY'S OFFICE WILL SUBSTITUTE IN FOR HER WHEN SHE HAS TO

17      LEAVE.

18           AND I WONDER IF -- THE REASON I'M LETTING THE COURT KNOW

19      IS THAT I KNOW THE COURT LIKES TO ASK IF A JUROR RECOGNIZES

20      SOMEONE AT EITHER COUNSEL TABLE AND IN THE MORNING OR AT THE

21      SUBSTITUTION TIME OR AT THE END OF THE BREAK IF THERE'S A TIME

22      THAT THE COURT WOULD LIKE TO DO THAT TO ASK IF THE JURY KNOWS

23      THE PINCH HITTING GOVERNMENT PARALEGAL, THAT WOULD CERTAINLY BE

24      APPROPRIATE.

25           I JUST DON'T WANT THE COURT TO LOOK UP AND SEE A NEW FACE

```
1        AT THE TABLE AND WONDER.
2                   THE COURT:  MR. ARCHER, DO YOU WANT TO COMMENT ON
3        IT?
4                   MR. ARCHER:  NO, YOUR HONOR.
5                   THE COURT:  ALL RIGHT.  WE'LL FIND AN APPROPRIATE
6        TIME TO DO THAT THEN.
7             ANYTHING FURTHER?
8                   MR. ARCHER:  NO, YOUR HONOR.  SHOULD WE SET A TIME
9        TO COME BACK TOMORROW?
10                  THE COURT:  WE SHOULD.  THAT'S OUR NEXT.  7:00 A.M.?
11            WHAT IS A REASONABLE HOUR FOR YOU TO COME BACK HAVING
12       COMPLETED RESEARCH ON THESE ISSUES?
13            WHAT DO WE HAVE TOMORROW?  DO WE HAVE A SENTENCING?
14                  THE CLERK:  AT 1:30.
15                  THE COURT:  1:30.  OKAY.
16            SO AS I TOLD YOU PREVIOUSLY OUR MORNING OPENED UP SO WE'RE
17       AVAILABLE ALL MORNING.  WE'RE BACK ON THE RECORD IN THE
18       SENTENCING MATTER AT 1:30.  THAT WILL TAKE ANOTHER HALF HOUR,
19       MAYBE.
20            SO IF YOU WANTED TO COME SUBSEQUENT TO THAT, WE CAN DO
21       THAT.
22                  MR. SCHENK:  THE SENTENCING YOU SAID WOULD BE ABOUT
23       A HALF HOUR?
24                  THE COURT:  I THINK SO.
25                  MR. SCHENK:  THAT'S FINE WITH THE GOVERNMENT.
```

1              THE COURT:  2:00 O'CLOCK?

2              MR. ARCHER:  THAT WOULD BE FINE.

3              THE COURT:  2:00 O'CLOCK.

4              MR. ARCHER:  THAT'S GREAT.

5              THE COURT:  ALL RIGHT.  WE'LL SEE YOU TOMORROW AT

6       2:00 O'CLOCK.

7              MS. PENNA:  THANK YOU.

8              MR. ARCHER:  THANK YOU.

9          (COURT CONCLUDED AT 2:59 P.M.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1
2
3                    CERTIFICATE OF REPORTER
4
5
6
7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14
15
16         IRENE RODRIGUEZ, CSR, RMR, CRR
           CERTIFICATE NUMBER 8074
17
18
           DATED:  FEBRUARY 12, 2016
19
20
21
22
23
24
25